**Alexis DONOSO–ORTIZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70486.
Agency No. A72–276–058.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2005.\*\*

Decided April 11, 2005.

David L. Ross, Esq., Katherine Kien, Esq., Melanie M. Yang, Esq., Ross, Rose & Hammill, LLP, Beverly Hills, CA, for Petitioner.

CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM \*\*\*

Alexis Donoso–Ortiz, a native and citizen of Chile, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") denial of his motion to reopen deportation proceedings. We have jurisdiction pursuant to former 8 U.S.C. § 1105a. *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir. 1997). We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

Donoso–Ortiz filed his motion to reopen more than two years after the IJ ordered him deported, and well beyond the statutorily required 180 day period. *See* 8 U.S.C. § 1252b(c)(3)(A) (repealed 1996). Although we have applied equitable tolling in cases involving ineffective assistance of counsel, Donoso–Ortiz offers no explana-

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tion for why he did not file the motion until over a year after he obtained new counsel. *See Iturribarria,* 321 F.3d at 897, 899 (requiring due diligence, and concluding limitations period began when petitioner met with counsel and learned of prior counsel's misconduct). Accordingly, the BIA did not abuse its discretion in denying as untimely his motion to reopen. *See id.* at 894.

Because Donoso–Ortiz's motion to reopen was untimely, we do not reach the merits of his ineffective assistance and due process claims.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.